UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAWRENCE K. HENDRICKSON,

    Plaintiff,

and

UNITED HEALTHCARE OF WISCONSIN, INC.

    Involuntary Plaintiff,

    v.                                            Case No. 17-C-1680

WAL-MART STORES INC.,
PARTNERS IN ARKANSAS GEN. MANITOWOC,
ABC INSURANCE COMPANY, and
DEF INSURANCE COMPANY,

    Defendants.

---

## DECISION AND ORDER

---

    Plaintiff Lawrence K. Hendrickson filed this action against Defendants Wal-Mart Stores Inc. and Partners in Arkansas Gen. Manitowoc in Manitowoc County Circuit Court asserting claims of general negligence and a violation of Wisconsin's Safe Place Statute as a result of falling in a Wal-Mart parking lot. Wal-Mart removed the case to federal court based on diversity jurisdiction. On September 11, 2018, counsel for Wal-Mart filed a letter with the court, confirming that the parties agreed upon a confidential resolution and indicating that the parties would file a stipulation and order for dismissal. ECF No. 24. On September 17, 2018, Hendrickson contacted the Clerk's office, indicating that he did not authorize a settlement in this case. Presently before the court is Wal-Mart's motion to enforce the settlement agreement. Wal-Mart requests that the court enforce the

settlement agreed to between the parties, order Hendrickson to sign the written confidential settlement agreement, and dismiss Hendrickson's complaint in its entirety. Hendrickson did not respond to the motion, and his time to do so has passed, so this matter is ripe for ruling. For the following reasons, the motion will be denied.

**ANALYSIS**

"State contract law governs issues concerning the formation, construction, and enforcement of settlement agreements." *Beverly v. Abbott Labs.*, 817 F.3d 328, 333 (7th Cir. 2016). In this case, the settlement agreement is governed by Wisconsin law. Under Wisconsin law, a settlement agreement is not binding "unless made in court . . . and entered in the minutes or recorded by the reporter, or made in writing and subscribed by the party to be bound thereby or the party's attorney." Wis. Stat. § 807.05. This statute is an "exception to the normal rule that oral contracts are binding. Section 807.05 *adds* requirements for enforceability of an otherwise valid agreement when the agreement is reached in the course of a claim that is in the process of adjudication." *Kocinski v. Home Ins. Co.*, 154 Wis. 2d 56, 67, 452 N.W.2d 360 (1990). The purpose of the statute is to "prevent disputes and uncertainties as to what was agreed upon." *Adelmeyer v. WEPCO*, 135 Wis. 2d 367, 372, 400 N.W.2d 473 (Ct. App. 1986) (citation omitted).

Wal-Mart maintains that Hendrickson is bound by the settlement agreement because his counsel agreed to the terms of the agreement. Wal-Mart maintains that, after the parties were unable to reach a resolution at a mediation held on August 23, 2018, Hendrickson contacted his attorney and expressed that he would resolve his lawsuit if he received a certain sum of compensation in exchange for resolution or dismissal of the lawsuit. With that information, plaintiff's counsel and defendant's counsel engaged in settlement discussions over the telephone, which culminated in an

2

agreement. Defendant's counsel transmitted a written settlement agreement and taxation documents to plaintiff's counsel for execution via e-mail. Plaintiff's counsel did not respond to that e-mail. Defendant's counsel subsequently notified the court, with plaintiff's counsel's authorization, that the parties had reached a resolution. Wal-Mart contends that the conduct of plaintiff's counsel is sufficient to establish that a binding settlement agreement exists.

Although plaintiff's counsel orally represented an agreement to the terms of the settlement, the material terms were never "clearly accepted in a writing subscribed by the party to be bound or that party's attorney." *In re Estate of Johnson*, 2006 WI App 19, ¶ 7 n.4, 289 Wis. 2d 100, 709 N.W.2d 88. Counsel's oral representations are insufficient to constitute a binding settlement agreement. In this case, the parties contemplated that the settlement agreement would be executed when the parties signed the agreement. The settlement agreement provides that the effective date of the agreement is "the date Plaintiff signs the Agreement" and is not executed until signed by the plaintiff. ECF No. 33-1 at 2, 13. Because Hendrickson never signed the agreement, it was never executed, and the parties are therefore not bound by it. *See Lambert Corp. v. Evans*, 575 F.2d 132, 135 (7th Cir. 1978) ("Even if parties agree, point by point, on all the terms of a contract, if they understand that the execution of a formal document shall be a prerequisite to their being bound there is no contract until the document is executed." (citing *Peninsular Carpets, Inc. v. Bradley Homes, Inc.*, 206 N.W.2d 408, 412 (Wis. 1973))). Accordingly, Wal-Mart's motion to enforce the settlement agreement is denied.

Wal-Mart has also filed a motion to restrict its motion to enforce, its brief in support of the motion to enforce, the declaration of Attorney Nelson W. Phillips, III, and the confidential settlement agreement. A motion to seal "should be limited to that portion of the material necessary to protect

the movant from the harm that may result from disclosure." Comment to General L.R. 79 (E.D. Wis.). In order to show good cause to restrict a document, the party requesting protection must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002). Neither bare assertions of confidentiality nor the agreement of the parties is sufficient to warrant restricting documents from the public.

I am satisfied that good cause exists to restrict the settlement agreement based on the fact that confidentiality of settlement agreements encourages and promotes the public interests inherent in the settlement of lawsuits. The motion to seal the motion to enforce, the supporting brief, and the declaration, however, will be denied without prejudice. Entire pleadings and briefs should not be sealed absent unusual circumstances. *See Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("[T]he parties' confidentiality agreement cannot require a court to hide a whole case from view."). Wal-Mart has not provided an independent factual basis to establish good cause for sealing these documents. To the extent the motion, brief, and declaration contain confidential information, that information may be redacted with a separate request to seal the portions containing confidential material.

## CONCLUSION

For the foregoing reasons, Wal-Mart's motion to enforce the confidential settlement agreement (ECF No. 31) is **DENIED** and its motion to seal documents (ECF No. 29) is **GRANTED** as to the settlement agreement (ECF Nos. 29-4; 33-1), which will remain restricted. The motion to seal is **DENIED without prejudice** as to Wal-Mart's motion to enforce and brief in support of the motion as well as the declaration of Attorney Nelson Phillips (ECF Nos. 29-1; 29-2; 29-3; 31–33),

and the Clerk is directed to remove the restriction from these documents.  The Clerk is directed to set the matter on the court's calendar for further scheduling.

**SO ORDERED** this  17th  day of December, 2018.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court