UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAWRENCE K. HENDRICKSON,

        Plaintiff,

and

UNITED HEALTHCARE OF WISCONSIN, INC.,

        Involuntary Plaintiff,

    v.                                                                                            Case No. 17-C-1680

WAL-MART STORES INC., et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff Lawrence K. Hendrickson, who is currently representing himself, filed this action against Defendants Wal-Mart Stores Inc. and Partners in Arkansas Gen. Manitowoc in Manitowoc County Circuit Court asserting claims of general negligence and a violation of Wisconsin's Safe Place Statute as a result of falling in a Wal-Mart parking lot. Wal-Mart removed the case to federal court based on diversity jurisdiction. Presently before the court is Wal-Mart's motion for sanctions against Hendrickson for failing to attend his deposition. Wal-Mart contends that it sent a Notice of Deposition to Hendrickson's listed home address on January 18, 2019. The notice stated that the deposition was to take place on February 1, 2019, at the Holiday Inn located in Manitowoc, Wisconsin at 9:00 a.m. Hendrickson did not appear for the deposition. Wal-Mart maintains that Hendrickson neither contacted Wal-Mart's counsel prior to February 1, 2019, to indicate that he would be unable to attend the deposition nor contacted Wal-Mart's counsel any time since February

1, 2019. Wal-Mart incurred $4,051.58 in costs and fees in its attempt to take Hendrickson's deposition. Wal-Mart requests that the court sanction Hendrickson for his failure to appear at his deposition by dismissing the case in its entirety with prejudice and ordering Hendrickson to pay Wal-Mart $4,051.58 for the fees and costs it incurred in its attempt to take Hendrickson's deposition. Hendrickson did not file a response to the motion.

On April 26, 2019, the court held a hearing on the motion. Based upon the presentation at the hearing and the record as a whole, the court concludes that sanctions are appropriate. Although Hendrickson indicated that he never received the notice of deposition, the record demonstrates that Wal-Mart sent a notice of deposition to Hendrickson at the proper address, and that the notice was not returned. Previous packages and communications Wal-Mart had sent to that address had been received by Hendrickson. When Wal-Mart attempted to send the notice by certified mail, its attempts were unsuccessful because Hendrickson refused to claim it. This history establishes that Hendrickson has failed to cooperate with efforts by counsel for Wal-Mart to communicate so as to move the case forward. In sum, the court finds that Hendrickson's failure to attend his deposition warrants sanctions.

Federal Rule of Civil Procedure 37(d) provides for sanctions when a party fails to attend his own deposition. Pursuant to Rule 37, "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Hendrickson's failure to appear at his deposition was not justified, so Wal-Mart would be entitled to the costs and fees incurred in preparing for the deposition. In addition, the court may also dismiss "the action or proceeding in whole or in part" for a party's failure to appear at his

deposition. *See* Fed. R. Civ. P. 37(b)(2)(A)(v). "Sanctions under Rule 37 require a finding that the offending party acted with willfulness, bad faith, or fault; dismissal should be imposed only if 'proportionate to the circumstances.'" *Holt v. Loyola Univ. of Chi.*, 497 F. App'x 662, 664 (7th Cir. 2012) (quoting *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009)). Although "[d]ismissal with prejudice is an extreme sanction that should be used only as a last resort," *Robinson v. Champaign Unit 4 School District*, 412 F. App'x 873, 877 (7th Cir. 2011), it would be appropriate in this case. *See Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1228 (7th Cir. 1983) (noting sanction of dismissal is appropriate when party fails to physically appear for deposition). By failing to attend his deposition, Hendrickson has thwarted Wal-Mart's efforts to conduct discovery and defend against his claims. Hendrickson has provided no reason for the court to believe that his failure to appear for his deposition was substantially justified. His conduct is nothing short of a willful disregard of his discovery obligations. Rather than take the step of dismissing the case outright, the court will give Hendrickson the option to first pay Wal-Mart for the reasonable attorneys' fees and expenses it incurred in its attempt to take Hendrickson's deposition. If Hendrickson does not pay Wal-Mart $4,051.58 within 20 days, the case will be dismissed with prejudice.

For these reasons, Wal-Mart's motion for sanctions (ECF No. 43) is **GRANTED-IN-PART**. Plaintiff must pay $4,051.58 to Wal-Mart for its reasonable attorneys' fees and expenses within 20 days or the case will be dismissed with prejudice.

**SO ORDERED** this __26th__ day of April, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
